JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-06858-JHN -VBKx | Date | September 12, 2011 |
|---|---|---|---|
| Title | Jacob Vaakil et al v. Carol Williams et al | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not present | Not present |

**Proceedings:    ORDER REMANDING CASE TO LOS ANGELES COUNTY SUPERIOR COURT (IN CHAMBERS)**

The present action was improperly removed.  Having reviewed the Notice of Removal, docket no. 1, the Court finds that it lacks subject-matter jurisdiction over this action. Therefore, the Court REMANDS this case to the Los Angeles County Superior Court.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters specifically authorized by Congress or the Constitution.  *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  As the proponent of the Court's jurisdiction, the removing defendant bears the burden of establishing it.  *Abrego  Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006).

The Notice of Removal states that this action arises under federal law.  However, a review of the Complaint reveals that it is a straightforward unlawful detainer action proceeding under state law.  Defendant claims that this case "arises under" federal law because defendant is currently involved in a pending federal U.S. bankruptcy case. However, defendant's involvement in other incidental litigation that may "arise under" federal law does *not* automatically extend federal jurisdiction to defendant's state action for unlawful detainer.  When a case is removed to federal court on the basis of federal question jurisdiction, the federal question must be clear from the face of the complaint in the state court action.  *Gully v. First Nat. Bank*, 299 U.S. 109, 113 (1936).  Here, the Complaint asserts an unlawful detainer action for recovery of possession of real property under California Code of Civil Procedure § 1161.  (Compl. 1).  No federal question is presented on the face of the Complaint. Therefore, the Court has no federal question jurisdiction.  *See* 28 U.S.C. § 1331.

**JS-6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-06858-JHN -VBKx | Date | September 12, 2011 |
|---|---|---|---|
| Title | Jacob Vaakil et al v. Carol Williams et al | | |

Further, it is unclear whether the parties are citizens of different states.  Assuming *arguendo* that they are, Defendant has failed to show that the requisite amount in controversy was met.  The state court complaint expressly limits the amount in controversy to "less than $10,000."  (Compl. 1).

Moreover, even if the amount in controversy was satisfied, a removing defendant may not be a citizen of the forum state.  Here, the removing party is a resident of California and is presumably a California citizen.  Therefore, Defendant may not remove the action to this Court.  *See* 28 U.S.C. § 1441(b).[1]

For these reasons, the Court **HEREBY REMANDS** this action to the Los Angeles County Superior Court.

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

---

[1] Section 1441(b) provides:

Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable *only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.*

28 U.S.C. § 1441(1) (emphasis added).